*GEORGE K. RUSSEL ET AL. v. FULTON CO. (COM'RS) ET AL.

1. CIRCUIT COURT WILL SUSPEND ORDER OF COMMON PLEAS AT CHAMBERS, DISSOLVING
   TEMPORARY INJUNCTION.
An order by a common pleas judge at chambers, dissolving a temporary injunction, will be
   suspended by the circuit court if necessary, until a petition in error can be filled.
2. MEANING OF "MAJORITY OF HOUSEHOLDERS" IN ACT FOR CHANGE OF TOWNSHIP
   BOUNDARY.
The majority of householders in the "respective townships" who must petition for a change
   of boundary, under sec. 1377, Rev. Stat., means a majority in each township.
3. AMBIGUOUS COMMISSIONER'S RECORD IS NOT CONCLUSIVE.
Where the record of the county commissioners is ambiguous, as to the petitioners above
   referred to, it is not conclusive.

This case was brought before this court on application for an order suspend-
ing an order dissolving a temporary injunction granted by the judge of the court
of common pleas of this county.

---

*It is held in Atwood v. Whipple, 48 O. S., 308, that under sec. 6709, Rev. Stat. "an
order of a judge of the court of common pleas at chambers, overruling a motion to dissolve
a temporary injunction, is not reviewable on error by the circuit court."

HAYNES, J.

1. As to the construction of sec. 1377, Rev. Stat., in regard to the petition and the signers thereof in which it is made to appear necessary or expedient to the commissioners of the county, that a change in the boundaries of the respective townships should be made, we are of the opinion that the true construction to be given the words "signed by a majority of the householders residing within the bounds of the respective townships to be affected by such petition or division," is that the petition must be signed by majority of the householders of each of the townships to be affected by the division; that the signers in one township are not to be limited to those residing in the part proposed to be set off to the other township; that a majority of the householders residing in that part of the township to be set off joining with a majority of the householders residing in the township that is to receive the strip or part set off from the other township, is not sufficient to authorize the county commissioners to proceed or to make the division.

2. As to the record of the county commissioners as certified by the auditor, it shows the petition, which recites that the undersigned householder of the township of Franklin and Dover in said county, and being a majority of the householders residing within the bounds of the respective townships to be affected by the change, etc., and the signatures attached are under heads as follows:

Residents of Franklin township.

Residents of Dover township.

On July 11, 1891, the petition and remonstrances came on for hearing before the county commissioners and the matter was heard upon the petition and remonstrances and the evidence, and after hearing the same the commissioners found that a majority of all the householders within the township of Franklin and Dover and residing therein had signed the petition. The commissioners do not in terms anywhere in the record find the facts stated in the petition to be true, nor do they follow the statement made in the petition "a majority of the householders residing within the respective townships to be affected, etc." The word "respectively" is left out.

Upon the face of the record the names of householders resident in Franklin township remonstrating against the division are greatly in excess of the names petitioning who sign as residents of Franklin township, but the commissioners do not in the record specifically pass upon this matter. They may for aught that appears in the record have found that none of them are or were residents of Franklin township. The commissioners only find "that a majority of all the householders within the township of Franklin and Dover residing therein," etc. Was the word "respective townships," used in the statute, purposely omitted or omitted by oversight? Or is the phrase used by the commissioners intended to be of the same purport and meaning as the phrase used in the statute? If they use the phrase as meaning the same as the statute, then upon the face of the record they would be authorized to proceed; but if they do not so use it, and the fact clearly appears, then they would not. But does it clearly appear on the face of the record?

We know outside of the record, by admissions upon the hearing, that a majority of the householders residing in Franklin township did not sign the petition; we know in the same way that the commissioners under legal advice deemed the signing last above mentioned a sufficient compliance with the law; but do these matters sufficiently appear upon the face of the record to enable the parties complaining to protect their rights by petition in error?

In Lewis v. Laylin, 46 O. S. 663, the supreme court of Ohio has laid down a very liberal rule in regard to the precision required in the records of inferior tribunals (in that case the county commissioners), and the presumption that will be made by the court in their support. It is within the knowledge of this court that the defects in the record of the commissioners in that case were much more marked than in this. After careful examination of the record in this case, we are

185                    Russell v. Fulton County (Commissioners.)

of the opinion that there is so much doubt and uncertainty whether the rights of the petitioners can be protected by a petition in error, that it is our duty to order that the order of the judge of the court of common pleas, made at chambers, dissolving the temporary or interlocutory injunction before that time allowed by him in this case, be suspended until the final hearing of this case, or until the question involved can be presented by petition in error to the proper courts.

H. H. & T. F. Ham, and J. M. Ritchie, for plaintiffs.

P. Chase, Pros. Att'y, and W. W. Touvelle, for defendants.